IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMMIE FAYE LOCKRIDGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-1175-O |
| | § | |
| DALLAS COUNTY SCHOOLS, et al., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court are *Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) & 12(b)(6) and Brief in Support* (doc. 16), filed August 11, 2010, and *Plaintiff's Memorandum in Support of Motion for Leave to File Amended Pleading* (doc. 22), filed October 21, 2010. Based on the relevant filings and applicable law, Defendants' motion should be **GRANTED,** and Plaintiff's motion should be **DENIED**.

### I. BACKGROUND

On June 14, 2010, Plaintiff filed this *pro se* action against her former employer, Dallas County Schools ("DCS"), and the president of its Board of Trustees, Larry Duncan (collectively "Defendants"), claiming violations of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* She alleged that Defendants wrongfully terminated her, discriminated against her based on her disability, and denied her reasonable accommodation for her disability, and that its employees harassed her, caused her health issues to worsen, and inflicted personal harm and pain and suffering on her. In a charge of discrimination, and the civil cover sheet attached to her

complaint, Plaintiff also alleged that Defendants retaliated against her and violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*.

On August 11, 2010, Defendants moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff did not file a response to Defendant's motion to dismiss but moved under Fed. R. Civ. P. 15 to amend her original pleading. The motions are now ripe for consideration.

## II. RULE 12(b)(1) MOTION

To the extent that Plaintiff's allegations of personal harm and pain and suffering can be construed as state law tort claims, Defendants move to dismiss those claims for lack of subject matter jurisdiction. (Mot. at 4-5.) They specifically argue that the claims are barred by the State's sovereign immunity. (*Id.*)

**A. Legal Standard**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When a court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F. 2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id.* Facial attacks are usually made early in the proceedings. *Id.* Where the defendant supports the motion with evidence, then the attack is "factual" and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413. A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of attack, the party asserting jurisdiction constantly carries the burden of proof to establish that jurisdiction does exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

Here, Defendants rely on Plaintiff's complaint to support their motion to dismiss. The motion therefore presents a facial attack that does not require the Court to resolve matters outside the pleadings. *See id.*; *Williamson*, 645 F.2d at 412-13.

**B. Texas Tort Claims Act**

Sovereign immunity generally defeats a court's subject matter jurisdiction over a suit against a state unless the state expressly consents to suit. *Austin v. Hood County*, 2007 WL 1544379, at *2 (N.D. Tex. May 29, 2007). "Governmental immunity operates like sovereign immunity to afford

similar protection to subdivisions of the State, including counties, cities, and school districts." *Id.*, *see also Kimbrough v. Alamo Colleges*, 2010 WL 841368, at *2 (W.D. Tex. Mar. 8, 2008). Accordingly, a political subdivision of the state of Texas is not liable for the acts or conduct of its employees unless its governmental immunity is waived by the Texas Tort Claims Act ("TTCA"). *See McIntosh v. Partridge*, 540 F.3d 315, 321 n. 3 (5th Cir. 2008); *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994).

The TTCA waives governmental immunity in three general areas: "use of publicly owned vehicles, premises defects, and injuries arising from conditions or use of property." *Brown v. Montgomery County Hosp. Dist.*, 905 S.W.2d 481, 484 (Tex. App. – Beaumont. 1995); *See also* Tex. Civ. Prac. & Rem. Code § 101.021. For school districts, the Act's waiver is even narrower and is limited to tort claims involving injuries arising out of the negligent use or operation of motor vehicles. *See* Tex. Civ. Prac. & Rem. Code §§ 101.021 & 101.051; *Mission Consol. Ind. Sch. Dist. v. Garcia*, 253 S. W. 3d 653, 656 (Tex. 2008). Additionally, governmental immunity is not waived for intentional torts. *See* Tex. Civ. Prac. & Rem. Code § 101.057(2); *Fields v. Dallas County Schs.*, 2007 WL 836863, at * 2 (N.D. Tex. Mar. 15, 2007).

Here, Plaintiff alleges that DCS employees caused her health issues to worsen and inflicted personal harm and pain and suffering on her. (*Id.* at 4-5.) Since these allegations involve intentional conduct and are not based on allegations of injuries arising out of the negligent use or operation of a motor vehicle, any state law tort claims based on these allegations are barred by sovereign immunity. Plaintiff's state law tort claims against Defendants should therefore be dismissed.

### III.  RULE 12(b)(6) MOTION

Defendants next moves to dismiss Plaintiff's disability-based claims under Fed. R. Civ. P.

4

12(b)(6) for failure provide sufficient factual allegations regarding the alleged disability, and her qualifications for the job. (Mot. at 5-6.) Defendants argue that the ADA claims should be similarly dismissed against Duncan because he is being sued in his official capacity. (Mot. at 6-7.)

**A. Legal Standard**

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings.[1] *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

A claim has facial plausibility when the plaintiff pleads factual content that allows

---

[1] In the Rule 12(b)(6) context, pleadings include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

5

> the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950-51.

**B. ADA Claims Against DCS**

Defendants contend that Plaintiff has failed to state enough facts to support her allegation that she was disabled and has failed to allege that she was qualified for the job. (Mot. at 5-6.)

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to ... discharge of employees ... and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To establish discrimination under the ADA, an employee must demonstrate that (1) she has a "disability;" (2) she is qualified for the job in question; and (3) an adverse employment decision was made because of her disability. *Burch v. City of Nacogdoches*, 174 F.3d 615, 619 (5th Cir. 1999). Under the ADA, an individual with a disability is a person who (1) has a physical or mental impairment which substantially limits one or more of her major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. 42 U.S.C. § 12102; *Kemp v. Holder*, 610 F.3d 231, 235 (5th Cir. 2010). "Major life activities" include a non-exhaustive list of functions such as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Id.* An employer is required to show reasonable accommodations to the known physical or mental limitations of the employee only after the employee meets all of the elements of her

6

discrimination claim. *See Kemp*, 610 F.3d at 235.

Here, Plaintiff has not alleged sufficient facts with regard to her alleged disability. She has not alleged that she has a physical or mental impairment that substantially limits a major life activity, has a record of such an impairment, or is regarded as having such an impairment. Additionally, she has not alleged that she was qualified for her job. Based on this failure, she has failed to state a claim under the ADA.

**C. ADA Claims Against Duncan**

Defendants also move to dismiss the ADA claims against Duncan on grounds that he is being sued in his official capacity as president of the board of Trustees for DCS, and therefore the ADA claims against him are actually claims against DCS. (Mot. at 6-7.)

As a government officer, Duncan cannot be sued in his individual capacity for a violation of the ADA, but he can be sued in his official capacity as an agent of DCS, the governmental entity. *See Lopez v. Kempthorne*, 684 F.Supp. 2d 827, 850 (S.D. Tex. 2010); *Gonzales v. City of Corpus Christi*, 2005 WL 3058168, at * 7 (S.D. Tex. Nov. 9, 2005). Even then, the official-capacity suit against him represents a suit against DCS. *See Hafer v. Melo*, 550 U.S. 21, 25 (1991) ("the real party in interest in an official-capacity suit is the governmental entity and not the named official"). Since Plaintiff's ADA-based claims against Duncan are duplicative of her claims against DCS, they are also subject to dismissal under 12(b)(6) for failure to state a claim.

Plaintiff's ADA claims against Defendants should be dismissed with prejudice.[2]

---

[2] While Plaintiff asserts Title VII as a cause of action in documents attached to her complaint, it is neither mentioned in her complaint, nor supported with specific allegations. Any construable Title VII claims should also be dismissed for failure to state a claim. *See Twombly*, 550 U.S. at 555 (although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions" to state a claim).

## IV. RULE 15 MOTION

Plaintiff seeks leave under Fed. R. Civ. P. 15 to amend her original complaint to negate sovereign immunity and to state a claim for relief under the ADA. (Mot. at 1-2.)

Local Rule 15.1 provides that when a party files a motion for leave to file an amended pleading, the party must attach a copy of the proposed amended pleading to the motions. The party must also separately provide an original signed copy of the proposed amended pleading and a judge's copy. Plaintiff was ordered but has failed to file an amended pleading in compliance with the local rule.[3] Her motion for leave to file an amended pleading should therefore be **DENIED.**

## V. OPPORTUNITY TO AMEND

Notwithstanding Plaintiff's failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to court order, *see Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, Nos. 3:96-CV-2923-D, 3:97-CV-0353-D, 2004 WL 789870, at *2 (N.D. Tex. Apr.12, 2004); *Sims*, 2001 WL 627600, at *2, or when a *pro se* plaintiff seeks to amend his complaint in response to a recommended dismissal, *see Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically

---

[3] In response to the order, Plaintiff filed a document urging appointment of counsel to assist her in amending her complaint. Construing the filing as a third motion to appoint counsel, the Court denied it.

8

noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, three months have passed since Defendants filed their motion to dismiss. Plaintiff has not filed a response but has indicated a desire to amend her complaint. She should therefore be accorded an opportunity to amend her complaint to allege sufficient facts to negate sovereign immunity and to state a claim against Defendants.

## VI. CONCLUSION

Defendants' motion to dismiss should be **GRANTED**, and Plaintiff's motion for leave to file an amended pleading should be **DENIED**. The federal claims against Defendant Duncan should be dismissed with prejudice, and the state law claims against both him and Defendant DCS should be dismissed without prejudice. Unless Plaintiff files an amended complaint that states a claim against Defendant DCS within the fourteen days allotted for objections to this recommendation or a deadline otherwise set by the Court, the federal claims against it should be dismissed with prejudice.

**SO RECOMMENDED on this 8th day of December, 2010.**

**IRMA CARRILLO RAMIREZ**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                        _____
                                        IRMA CARRILLO RAMIREZ
                                        UNITED STATES MAGISTRATE JUDGE